IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CARMELO SALDAGO-LOPEZ,

                        Petitioner,                  OPINION AND ORDER

v.

                                                       17-cv-780-wmc
                                                       16-cr-99-wmc

UNITED STATES OF AMERICA,

                        Respondent.

Petitioner Carmelo Saldago-Lopez, a federal prisoner incarcerated at the Federal Correctional Institution in Greenville, Illinois, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Having conducted a preliminary review of his motion under Rule 4 of the Rules Governing Section 2255 Cases, the court concludes that it is plainly apparent petitioner is not entitled to relief for the reasons that follow. Accordingly, his motion will be dismissed.

BACKGROUND

In December of 2016, Saldago-Lopez was charged in a one-count indictment with knowingly and unlawfully attempting to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. On March 6, 2017, the government submitted an information that again charged him with knowingly and unlawfully attempting to possess

1

with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of § 846, but reduced the quantity from 500 grams to 50 grams. (Dkt. #16.) Both the indictment and the information also listed § 846 and 21 U.S.C. § 841(a)(1) as the charging statutes.

On February 24, 2017, Saldago-Lopez and the government entered into a plea agreement. Consistent with that agreement, the court held a plea hearing on March 10, 2017, during which Saldago-Lopez consented to prosecution by information (dkt. ##16, 19), and entered a valid plea of guilty. On May 19, 2017, the court sentenced Saldago-Lopez to a below-guidelines sentence of 132 months of confinement followed by four years of supervised release. Saldago-Lopez did not appeal his conviction or sentence.

OPINION

In his motion, Saldago-Lopez lists four grounds for relief: (1) his counsel was ineffective in failing to challenge the conspiracy charge; (2) he was not charged or indicted under the penalty provision of paragraph (B) under either § 841 or § 846; (3) his guilty plea was not properly taken and the product of ineffective assistance of counsel; and (4) the indictment did not charge an offense against the United States. Pursuant to Rule 4, the court is dismissing this petition since "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996) (petition must cross "some threshold of plausibility" before requiring response). The court will first address his challenges to the

indictment itself (grounds 2 and 4), and then turn to his claims of ineffective assistance of counsel (grounds 1 and 3).

I.  Challenges to Information

Unfortunately for petitioner, he cannot raise his challenges to the information in a motion for postconviction relief because he failed to do so on direct appeal. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (a § 2255 motion is not a substitute for a direct appeal).[1] Under this doctrine of procedural default, "[a] claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). While a petitioner can overcome this doctrine in his § 2255 motion, he must show (1) both cause and prejudice for the default, or (2) a "fundamental miscarriage of justice" occurred. *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014).

Here, petitioner offers no explanation for failing to raise his challenge to the information before entering into a plea agreement or on appeal, other than his claims of ineffective assistance of counsel addressed below. Even if he could establish cause, it is also apparent that he was *not* prejudiced by any default. In both of his challenges to the information, petitioner challenges its sufficiency. Pursuant to Federal Rule of Criminal Procedure 7(c), an indictment must "be a plain, concise, and definite written statement of

---

[1] Although petitioner couches his challenges as to the indictment, he ultimately waived indictment and pleaded guilty to a substituted information alleging a much lower drug quantity as set forth above. Accordingly, the court will address the operative information, although the result would be the same either way since the two are materially identical save for the alleged drug quantity.

3

the essential facts constituting the offense charged ….." Each count must "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

At best, petitioner's arguments are unclear and may have been copied and pasted from other, similar motions (he claims at one point that the "indictment" did not include a drug quantity and at another point that the jury did not receive proper instructions). At bottom, however, petitioner maintains that he did not receive proper notice of the charges or potential penalties he was facing. In particular, petitioner argues that the indictment provided insufficient notice because, while it referred to § 846 and § 841(a)(1), it did not cite to the penalty portion in § 841(b). As an initial matter, penalty provisions are not required in an indictment, because they are not an element of the crime charged. *United States v. Bock*, 312 F.3d 829, 830 (7th Cir. 2002). While an indictment must make the defendant aware that a penalty may apply if he is convicted of the substantive offense, *see United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir. 1989), by citing to § 841(a)(1), the indictment here makes it clear that the provisions of § 841(b) could apply to him, something further explained in the petitioner's plea agreement and likely during his plea hearing. (*See* Plea Agreement, No. 16-cr-99 (dkt. #14) at 1.)[2] Likewise, petitioner would challenge the information on the ground that it lacked an allegation of criminal intent. Yet the *express* language of the information -- charging petitioner with knowingly attempting to

---

[2] Because petitioner did not bring a direct appeal, no transcript has been prepared of the plea colloquy, but he court's standard practice is to review the maximum and any applicable minimum penalties set forth in paragraph 1 of the plea agreement.

possess methamphetamine with intent to distribute it -- contradicts petitioner's assertion. The court is confident that a transcript of his plea hearing includes a similar admission consistent with its standard practice. Accordingly, even assuming petitioner has good cause to excuse the failure to challenge his indictment, petitioner has failed to allege any prejudice by virtue of either of the challenges to the information. Indeed, both challenges plainly fail on the merits.

II.  Assertions of Ineffective Assistance of Counsel

Petitioner also claims that his counsel was ineffective by either failing to challenge the conspiracy charge or to ensure that the guilty plea was knowing and voluntary. Petitioner has not defaulted his claims of ineffective assistance of counsel by failing to raise them in a direct appeal, since the resolution of such claims generally involves facts outside the record and are more appropriately raised by collateral attack. *See Massoro v. United States*, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"). Still, petitioner has failed to demonstrate that he would be entitled to relief under the demanding standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, a petitioner must demonstrate both constitutionally deficient performance by counsel *and* actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 39091 (2000). In the context of a guilty plea, the prejudice prong requires a showing that there is a reasonable probability that but for

5

counsel's deficient performance, the petitioner would not have pleaded guilty but would have insisted on going to trial. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003).

Petitioner has failed to raise a question as to whether his counsel was deficient. As to ground one, petitioner claims that his counsel was ineffective in failing to challenge the fact that the indictment and information did not charge him with conspiracy. However, his counsel could not have been deficient by failing to challenge the indictment for the simple reason that petitioner was not charged with a conspiracy. Section § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense." Petitioner is correct that he was not charged with a conspiracy, but he was charged with *attempting* to possess with intent to distribute methamphetamine, an act that is also made punishable by § 846. Indeed, both the dismissed indictment and operative information charged him under § 846 for attempt, the same statute under which he was ultimately sentenced. Accordingly, petitioner's claim that trial counsel failed to challenge this charge cannot constitute deficient performance on its face.

Similarly, as to ground three, while petitioner challenges the court's colloquy during the plea hearing, he speaks only in vague terms and fails to allege *any* specific example to support his belief that the court should have declined to accept the plea agreement. More to the point, petitioner also fails to allege *any* advice or decision by his counsel that fell below the proper standard of performance in counseling him to enter into the plea

agreement, nor has he pointed to any part of the plea colloquy at which the court's questioning was so lacking that counsel should have stepped in to correct it.

III.   **Denial of Certification of Appeal**

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2255), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because petitioner has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

ORDER

IT IS ORDERED that:

(1) Petitioner Carmelo Saldago-Lopez's motion to vacate pursuant to 28 U.S.C. § 2255 (dkt. #1) is DENIED and his petition is DISMISSED.

(2) A certificate of appealability will not issue.

Entered this 1st day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY

District Judge