# UNITED STATES COURT OF APPEALS OF THE SEVENTH CIRCUIT

CARMELO SALDAGO-LOPEZ

Petitioner (Pro se),

-v-

Case No. 17-cv-780-wmc
Criminal No. 16-cr-99-wmc

UNITED STATES IF AMERICA

Respondent.

---

PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

---

COMES NOW Carmelo Salgado-Lopez, the Petitioner pro se, and respectfully files his Motion for Certificate of Appealability pursuant to 28 U.S.C. Section 2253(c)(2). This Motion is timely filed with the United States Court of Appeals, premised on the United States District Court for the Western District of Wisconsin's denial of Petitioner's Section 2255, and denial of certificate of appealability on October 1, 2019, although the Petitioner did not receive notice until 4th. of October.

IN SUPPORT THE PETITIONER STATES AS FOLLOWS:

JURISDICTION

**Certificate of Appealability.**

(1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.

The Petitioner has outlined his case issues and have been placed on record in his Section 2255 filing. The Petitioner bring this Motion for Certificate of Appealability based upon his " Sixth Amendment " right to have " effective assistance of counsel " at all stages of his Due Process. The record is clear

that counsel Peter Moyer provided " constitutionally " ineffective during plea talks, and " faulty and erroneously " advise regarding the Petitioner's sentencing range of 87 months, and " induced " the Petitioner to plead to 87 months. It should be further noted that counsel failed to advise the Petitioner he was facing at least a mandatory 120 month sentence.

The record is further clear that counsel Moyer failed to file a " notice of appeal " after the Petitioner requested counsel to file. The Petitioners states that a "plea" agreement is one of the most " critical " stage of Due Process, and when a Petitioner bases his decision on counsel's false and misleading advise, a " claim of Ineffective of counsel " is preserved.

The Sixth Amendment right to effective assistance of counsel is a " constitutional right " and must be preserved. The Petitioner has satisfied the " first and second prong " of STRICKLAND -v- WASHINGTON, 466 U.S.. 668 (1984), and counsel Moyer's deficient performance resulted in actual prejudice, and Moyer's conduct fell within the range of professional norms warranting this Honorable Court to " grant " the Petitioner's motion for certificate of appealability.

Respectfully submitted on this 24 day of October, 2019

*Carmelo Salgado*

Mr. Carmelo Salgado-Lopez # 07395-090
FCI Greenville
P.O. Box 5000
Greenville, IL 62246
PRO SE REPRESENTATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been deposited in FCI Greenville, prison internal legal mailing system with first class postage affixed thereto on this day of 24 October 2019, correctly addressed to: Assistant United States State Attorney.

The undersigned hereby executed this certificate under penalty of perjury pursuant to 28 U.S.C. Section 1746

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Respondent,

-v-

    Civil Case No. 17-cv-780
    Criminal Case No.
    3:16-cr-00099-001

CARMELO SALGADO-LOPEZ

    Petitioner,

---

MEMORANDUM BRIEF IN SUPPORT TO AMEND/SUPPLEMENT THE PETITIONER'S
28 U.S.C. SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

---

COMES NOW Carmelo Salgado-Lopez, the Petitioner, pro se, and respectfully files this Memorandum Brief in support to Amend/Supplement his original 28 U.S.C. Section 2255 Motion to vacate, set aside, or correct sentence, pursuant to federal Rules of Civil Procedure Rule 15(a). This Amended or Supplement to his Section 2255(f)(1). See, CLAY -v- UNITED STATES, 537 U.S. 522, 155 L. Ed. 2d. 88, 123, S. Ct. 1072 (2003). The United States, has " not filed a response pleading " in this cause.

IN SUPPORT THE PETITIONER STATES AS FOLLOWS:

JURISDICTION - 28 U.S.C. SECTION 2255 MOTION

### A. TIMELINESS OF MOVANT'S § 2255 MOTION

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. This period runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2255(f). With respect to (1), "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). "[F]or federal

(1)

## INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on a claim of **ineffective assistance** of **counsel**, a movant must prove (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial to the case.

Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To satisfy the first prong of Strickland, deficient performance, a movant must show that counsel's representation failed to meet an objective standard of reasonableness, with a strong presumption that counsel's conduct fell within the range of "reasonable professional **assistance**." Id. at 688. The deficiency must be so serious that it did not constitute functioning "**counsel**" guaranteed by the Sixth Amendment. Id. at 687. Reasonable **assistance** is assessed in light of professional norms prevailing at the time the representation took place. Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010).

To satisfy the second Strickland prong, that counsel's deficient performance resulted in actual prejudice, the movant must demonstrate a reasonable probability that but for the error, the result would have differed. Strickland, 466 U.S. at 694. "Reasonable probability" requires a showing "sufficient to undermine confidence in the outcome." Paul v. United States, 534 F.3d 832, 837 (8th Cir. 2008) (quoting Strickland, 466 U.S. at 694).

PLEA AGREEMENT

Counsel Peter Moyers provided constitutionally ineffective because he " induced " the Petitioner Salgado-Lopez to plead guilty on " faulty and erroneously " legal advise. Counsel Moyer also failed to file a Notice of Appeal, after the Petitioner requested counsel to file one.

On February 23, 2017, the government's attorney John W. Vaudrevil drafted a proposed plea agreement between the Petitioner and the United States in this cause. The Petitioner agreed to enter into this plea agreement of a sentence of 87 months. On May 18, 2017, the Petitioner appeared for sentencing before this Court. The government at sentencing argued for a sentence of 120 months, and stated that 87 months was not sufficient. (See, S.T. page(s) 13/14) The Court noted that the Petitioner's actual Guideline range was 188 to 225 months, a " huge " difference in which counsel Moyer failed to address in the plea agreement which counsel Moyer " induced " him in pleading guilty and signing the plea agreement. (See, S.T. page 14).

Counsel Moyer also failed to advise the Petitioner he had a " mandatory minimum " sentence of 120 months. The Court sentenced the Petitioner to 132 months, a " far-cry " from the 87 month months, counsel Moyer did not argue any Section 3553 Sentencing Factors nor argued the agreement for 87 months.

The Petitioner can only attack the " voluntary and intelligent " character of a guilty plea based on the advise of counsel; UNITED STATES -v- RUMERY, 698 F. 2d. 764, 766 (5th. Cir. 1983) to enter a knowing and voluntary guilty plea, the Defendant must have a full understanding of what the plea

(2)

" connotes " and of its consequences, see, BOYKIN -v- ALABAMA, 395 U.S. 238, 244, 89 S. Ct. 1709 23 L. Ed. 2d. 274 (1969). Simply put, counsel Moyer's provided " faulty and erroneous " legal advise to Petitioner Salgado-Lopez. See, HILL -v- LOCKHART, 474 U.S. 52, 59, 88 L. Ed. 2d. 20, 3. 106 S. Ct. 366 (1985).

> The *Strickland* framework for evaluating counsel ineffectiveness applies to advice regarding whether to plead guilty. *Padilla v. Kentucky,* 130 S. Ct. 1473, 176 L. Ed. 2d 284, 2010 WL 1222274 (2010); *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The deficiency portion of the test remains unchanged. Instead of focusing on the fairness of the trial, the prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. If petitioner pleaded guilty, then petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

**Plea** bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the **plea** bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages. Because ours is for the most part a system of **pleas**, not a system of trials, it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process. (Sotomayor, J., joined by Roberts, Ch. J., and Scalia, Kennedy, Thomas, Breyer, Alito, and Kagan, JJ.)

**Plea negotiations - right to effective counsel**

*L Ed Digest: Criminal Law § 46.4*

8. Criminal defendants require effective counsel during **plea** negotiations. Anything less might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him. (Sotomayor, J., joined by Roberts, Ch. J., and Scalia, Kennedy, Thomas, Breyer, Alito, and Kagan, JJ.)

**Plea offers - defense counsel's duty**

*L Ed Digest: Criminal Law § 46.4*

9. The U.S. Supreme Court holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a **plea** on terms and conditions that may be favorable to the accused. (Sotomayor, J., joined by Roberts, Ch. J., and Scalia, Kennedy, Thomas, Breyer, Alito, and Kagan, JJ.)

COUNSEL MOYER FAILED TO FILE A NOTICE OF APPEAL

The Petitioner states in ROE -v- FLORES-ORTEGA, 528 U.S. 470, 120 S. Ct., 1029, 145 L. Ed 2d. 985 (2000) the United States Supreme Court reaffirmed the " well-settled " rule that an attorney who fails to file an appeal on behalf of a client who specifically requests one, acts in a professional unreasonable manner. id at 477, 120 S. Ct. at 1035 (citing RODRIGUEZ -v- UNITED STATES, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d. 340 (1969).

As to the " second prong " of the STRICKLAND TEST, the FLORES-ORTEGA Court held that the failure to file an appeal that the Petitioner/defendant wanted filed, " denies " the Petitioner his constitutional right to counsel, at a " critical stage ". The plea agreement was a " critical stage " and " ripe " for a direct appeal concerning " Due Process Right's " of Salgado-Lopez.

" DEFECTIVE INDICTMENT " - " PLAIN ERROR EXISTS "

The Petitioner states that his indictment lacked the necessary allegation's that he acted " knowingly or willfully " in which the indictment or information must be a plain. concise, and definite written statement of the essential facts constituting the offense charged and must be signed by the attorney for the government. See, UNITED STATES -v- COTTON, 261 F. 3d. 397 (2001), see also, UNITED STATES RESENDIZ-PONCE, 549 U.S. 102 (2007).

**THE INDICTMENT**

"To pass constitutional muster, an **indictment** must contain all the essential elements of the charged offense." *United States v. Kovach*, 208 F.3d 1215, 1218 (10th Cir. 2000); *see also United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003). Appellate courts review de novo the sufficiency of an **indictment**. *Kovach*, 208 F.3d at 1218. "An **indictment** is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Bedford*, 536 F.3d 1148, 1156 (10th Cir. 2008) (reviewing for plain error) (quoting *Hathaway*, 318 F.3d at 1009).

"An **indictment** is legally sufficient if (1) 'each count contains the essential elements of the offense charged,' (2) 'the elements are described with particularity,' and (3) 'the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.'" *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018) ("'[T]he validity of an **indictment** is governed by practical, not technical considerations,' and '[t]he basic purpose behind an **indictment** is to inform a defendant of the charge against him[.]'").

(4)

## Rule 7. The Indictment and the Information

**Nature and Contents.**

**(1)** *In General.* The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that section 3282.

When a alleged " defective indictment is presented for review, the " plain-error " review applies, UNITED STATES -v- ROBINSON, 367 F. 3d. 278, 285 (5th. Cir. 2004) " Plain error " exists if (1) there is an error. (2) the error is plain,...(3) the error affect(s) substantial rights and (4) the error seriously affects the " fairness, integrity or public reputation of judicial proceedings. " UNITED STATES -v- - GARCIA-CARRILLO, 749 F. 3d. 376, 378 (5th. Cir. 2014)(per curiam)(internal quotation marks and citation omitted), and the conduct alleged within the " four corners " of the indictment. see, JONES -v- UNITED STATES, 118 S. Ct. 1359 (1999).

Under Federal Rule of Criminal Procedure 52(b)'s plain-error test, where there is an "(1) error, (2) that is plain, and (3) that affects substantial rights," an appellate court may correct an error not raised at trial, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v United States, 520 US 461, 466-467, 137 L Ed 2d 718, 117 S Ct 154 (internal quotation marks omitted).

Respectfully submitted on this _____ day of January, 2019

COPY

Mr. Carmelo Salgado-Lopez # 07395-090
FCI Greenville
P.O. Box 5000
Greenville, IL 62246
PRO SE REPRESENTATION

(5)

Carmelo Salgado Lopez #97395-090
Federal Correctional Institution
F.C.I. Greenville
P.O. Box 5000
Greenville IL 62246

SAINT LOUIS MO 630
25 OCT 2022 PM 1

U.S Circuit Court
219. S. Dearborn St
Room 2722
Chicago IL 60604